UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-61725-CIV-DAMIAN/Strauss

**VALERY KANTSEPOLSKY**,

    Plaintiff,
v.

**RIVER SHORES ASSOCIATION, INC.**,

    Defendant.
_____/

## ORDER AFFIRMING AND ADOPTING
## REPORT AND RECOMMENDATION [ECF NO. 19]

**THIS CAUSE** is before the Court on Magistrate Judge Jared M. Strauss's Report and Recommendation ("Report") [ECF No. 19], entered on September 25, 2025, recommending that Plaintiff, Valery Kantsepolsky's ("Plaintiff"), Emergency Motion for Temporary Restraining Order, Reasonable Accommodation, and Preliminary Injunction ("Motion for TRO") [ECF No. 3] be denied.

THE COURT has considered the Motion for TRO, Defendant River Shores Association's ("Defendant") Verified Response to the Motion for TRO ("Response to Motion") [ECF No. 16], Plaintiff's Response to Defendant's Response in Opposition to the Motion for TRO ("Reply") [ECF No. 17], the Report, Plaintiff's Response and Request for Reconsideration of Report and Recommendation Under the Fair Housing Act ("Objections"), Defendant's Response in Opposition to Plaintiff's Response and Request for Reconsideration of Report and Recommendation Under the Fair Housing Act ("Response

to Objections"), the pertinent portions of the record, and relevant authorities and is otherwise fully advised.

## I.   BACKGROUND

On August 27, 2025, Plaintiff, appearing *pro se*, filed a Complaint against the Defendant alleging claims under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 *et seq. See generally* ECF No. 1 ("Complaint"). Plaintiff alleges that she owns and resides in a condominium unit that is governed by the Defendant condominium association. *Id.* ¶¶ 4-5. Plaintiff also suffers from medical conditions that limit her ability to tolerate the environment created by demolition, which may spread chemicals, dust, mold, and other breathing hazards. *Id.* ¶ 9. She alleges that Defendant refused to provide reasonable accommodations for Plaintiff's health conditions when it tried to conduct exploratory demolition to resolve maintenance issues affecting other units. *See id.* ¶¶ 6-8. The Defendant filed suit against her in state court to enforce its right of entry into her unit and otherwise resolve the parties' dispute related to the exploratory demolition. *See id.* ¶ 11.

In that underlying state court action (*River Shores Association, Inc. v. Kantsepolsky*, No. CACE23-013970 (Fla. 17th Jud. Cir. Ct.) ("State Court Action")), Plaintiff raised as a counterclaim an FHA violation similar to that which is presented in this action, and Plaintiff moved for a ninety-day continuance of all pretrial and trial deadlines as a result of her disability, which Defendant opposed. *Id.* ¶ 11. The trial court denied her motion on August 5, 2025. *Id.* ¶ 12. On August 15, 2025, Plaintiff moved for reconsideration, which is currently pending. *Id.* ¶¶ 13-14. Here, Plaintiff appears to seek declaratory relief, injunctive

2

relief, and monetary damages from the Defendant. *See generally id*. The case was assigned to Magistrate Judge Jared M. Strauss pursuant to Administrative Order 2025-11. *See* ECF No. 2.

The same day Plaintiff filed her case, she filed the Motion for TRO on an emergency basis, which seeks an order from this Court enjoining the Defendant from "opposing or interfering with Plaintiff's request for a reasonable accommodation in the form of a 90-day extension of pretrial and trial deadlines in the pending state-court action," directing the Defendant to only engage in exploratory demolition and repairs in Plaintiff's unit subject to her medical conditions, and requiring the Defendant to engage in an interactive process regarding Plaintiff's accommodation requests. *See* Mot. for TRO at 4.

Because Judge Strauss could not directly enter an order on the Motion for TRO, *see* 28 U.S.C. § 636(b)(1)(A), the case was randomly reassigned to the undersigned. [ECF No. 9]. This Court promptly entered an order concluding that the Motion for TRO was not a true emergency, directing Plaintiff to serve the motion on the Defendant, re-styling the Motion for TRO as one for a preliminary injunction, and referring the matter to Judge Strauss for him to, *inter alia*, issue a report and recommendation on the Motion for TRO. *See* ECF No. 11 at 6.

The Defendant filed its Response on September 5, 2025, arguing that Plaintiff's Motion for TRO is an effort to use a federal court to interfere in a pending state court proceeding in a manner prohibited by the Anti-Injunction Act, 28 U.S.C. § 2283. *See* Resp. to Mot. at 5-6. On September 15, 2025, Plaintiff filed a 27-page Reply (excluding exhibits), in which she concedes that she was "uncertain what information the Court may consider

3

most relevant and, out of concern for omitting critical facts, has submitted a longer response." *See* Reply at 1. With respect to the Anti-Injunction Act, Plaintiff argues that because she "does not seek an injunction directed at the state court itself," but rather "an injunction directed at the Defendant, to prevent [it] from proceeding in a manner that denies Plaintiff's federally guaranteed rights under the Fair Housing Act and to prevent the irreparable harm the Plaintiff now faces, [*i.e.*, holding a trial to bring finality to the State Court Action when Plaintiff cannot, due to her disability, adequately prepare to proceed *pro se*]." *See id.* at 10.

In the Report, Judge Strauss recommends that the Court deny the Motion for TRO on two bases: first, Plaintiff's requested injunction is barred by the Anti-Injunction Act because it would interfere with the State Court Action by imposing the very stay/continuance of the trial date that the state court judge had declined to enter; second, with reference to the injunction based on the ADA claim (which was not presented in Plaintiff's State Court Action counterclaim and appears for the first time in this action), the ADA does not provide a basis for Plaintiff to receive injunctive relief for the Defendant's failure to accommodate her because the ADA applies only to "places of public accommodation," not residential condominiums. *See* Report at 6, 7, 10, 11.

In Plaintiff's Objections, she spends the majority setting forth the background of how Defendant has caused a deterioration of her health condition and has refused to accommodate her disability despite several physician notes she provided in substantiation. *See generally* Objections. Plaintiff repeats most of the factual background that appears in the Complaint and the Motion for TRO. She explains what motivated her to file this lawsuit in federal court as follows:

4

> I believed the FHA protected individuals like me, ensuring a process where disabilities are acknowledged and accommodations discussed. My doctors made themselves available to clarify or provide depositions. But no such process has occurred not with the association, nor in the state court. I turned to the federal court because it has the authority to enforce the Fair Housing Act and to intervene when a person's federally protected housing 1ights or disability civil rights are being disregarded or denied.

*See id.* at 4-5; *see also* Report at 7 ("Plaintiff essentially seeks in this Court what she fears she will not get in state court."). The only specific objection raised by Plaintiff is that the Report, "while addressing the [Defendant's] asserted access rights, did not consider the serious health implications of my disability or the consequences of denying the reasonable accommodations requested by my doctors." Objections at 5.

In the Defendant's Response to Objections, it points out that Plaintiff never specifically identified any perceived error in the Report and did not identify any statutory, rule, or case authority supporting her position. *See generally* Resp. to Obj. The Report is now ripe for adjudication by this Court.

## II.    LEGAL STANDARD

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted).

"Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (internal

5

quotation marks omitted)). A party's "objections are improper [if] they expand upon and reframe arguments already made and considered by [the magistrate judge], or simply disagree with [the magistrate judge's] conclusions." *Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018) (Bloom, J.); *see Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (Moreno, J.) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R." (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992))).

While a *pro se* litigant's filings are liberally construed, a *pro se* litigant must still properly object to magistrate judge reports and recommendations and conform to procedural rules, and *pro se* status does not give a court license to serve as *de facto* counsel for a party to rewrite inadequate objections. *See Lewis v. Mavis Tire & Auto Corp.*, No. 25-cv-60659, 2025 WL 1854699, at *3 (S.D. Fla. July 3, 2025) (Leibowitz, J.) (citing *United States v. Ogiekpolor*, 122 F.4th 1296, 1304 (11th Cir. 2024) and *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014)).

When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015) (Altonaga, J.); *see Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (Ungaro, J.) (stating that a

district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

### III.   DISCUSSION

While Plaintiff only raised a specific objection with the manner in which Judge Strauss considered her evidence of medical necessity/disability, in an abundance of deference to the *pro se* litigant, this Court has undertaken a *de novo* review of the Report.

#### A. Standard For Preliminary Injunction.

To obtain a preliminary injunction, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction).

While the first step to determine if a plaintiff is entitled to a preliminary injunction is typically to determine if she has established a "substantial likelihood of success on the merits," when a litigant seeks injunctive relief to stay proceedings in state court, courts must also ensure that the Anti-Injunction Act, 28 U.S.C. § 2283, does not prohibit such an injunction.

#### B. The Anti-Injunction Act.

The Anti-Injunction Act states that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or

where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "[I]n assessing the propriety of an injunction entered to stop a state court proceeding, the sole relevant inquiry is whether the injunction qualifies for one of the exceptions to the Anti-Injunction Act." *Burr & Forman v. Blair*, 470 F.3d 1019, 1028 (11th Cir. 2006). Accordingly, this Court cannot issue Plaintiff's sought injunction unless it is: (1) "expressly authorized by Act of Congress"; (2) "necessary in aid of its jurisdiction"; or (3) "to protect or effectuate its judgments." *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 (11th Cir. 2006) (quoting 28 U.S.C. § 2283).

"Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the Supreme Court]." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970); *Delta Air Lines, Inc. v. McCoy Restaurants, Inc.*, 708 F.2d 582, 585 (11th Cir. 1983) ("The import of the Anti-Injunction Act, as its name suggests, is that a federal court injunction of state litigation is to be the exception, not the rule."). Indeed, "[a]ny doubts . . . should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line*, 398 U.S. at 297.

The Anti-Injunction Act cannot be avoided by framing the injunction as directed against a state court litigant instead of against the state court. *Id.* at 287 ("It is settled that the prohibition of s[ection] 2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding."). Unless an exception applies, the Anti-Injunction Act thus prohibits a federal court from entering an order that functionally stays the state court's proceedings. *See id.*

A litigant also cannot avoid the Anti-Injunction Act's prohibition by casting the redress sought in the state court as a new, federal claim in the district court that was not pursued in the state court. *See Mitchum v. Foster*, 407 U.S. 225, 229 (1972) (holding that a section 1983 claim seeking an injunction of a state court public nuisance action must fall under one of the three AIA exceptions for an injunction to be permitted).

Plaintiff argues that the injunction she seeks falls under the "expressly authorized by Act of Congress" exception to the AIA. *See* Reply at 3. This Court independently finds that neither the "necessary in aid of its jurisdiction"[1] nor "to protect or effectuate its judgments"[2] exceptions apply here even if Plaintiff had raised those arguments.

The Supreme Court provides a two-part analysis for determining whether a federal statute comes within the Anti-Injunction Act's "expressly authorized" exception: (1) the statute "must have created a specific and uniquely federal right or remedy, enforceable in a federal court of equity," and (2) the federal right or remedy must be such that it can be "given its intended scope only by the stay of a state court proceeding." *Mercer v. Sechan Realty, Inc.*, 569 F. App'x 652, 655 (11th Cir. 2014) (quoting *Mitchum*, 407 U.S. 237-38).

Plaintiff is mistaken that either the FHA or ADA, which govern her claims in the Complaint, are "expressly authorized" by Congress as exceptions to the AIA's general

---

[1] Federal courts may enjoin state court proceedings based on the "necessary in aid of its jurisdiction" exception in only two situations, where: "(1) the district court has exclusive jurisdiction over the action because it had been removed from state court; or, (2) the state court entertains an *in rem* action involving a *res* over which the district court has been exercising jurisdiction in an *in rem* action." *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1251 (11th Cir. 2006). This matter is neither a removal case nor an *in rem* action, so this exception does not apply.

[2] Neither the Complaint nor Motion for TRO raise any related federal court proceedings through which Plaintiff could argue that an injunction is necessary to effectuate or protect any federal court order or judgment.

prohibition against imposing stays in state court actions. The Eleventh Circuit held that the "expressly authorized" exception did not apply when a litigant raised an FHA claim to enjoin eviction proceedings in state court because the litigant could always request a stay from the state court of the unfavorable judgment pending appeal on the basis of the judgment violating the FHA, so a stay was not necessary for the federal right to be given its intended scope. *See Mercer*, 569 F. App'x at 655-56. While the Eleventh Circuit has not directly weighed in on whether or not the ADA is an "expressly authorized" exception to the AIA, several courts in this District have concluded that it is not. *See Rudnikas v. Fidelity Brokerage Servs., LLC*, No. 24-24547-CIV, 2025 WL 434051, at *2-3 (S.D. Fla. Jan. 31, 2025) (Martinez, J.) (holding that the plaintiff's claims under Title II and Title V of the ADA are not "expressly authorized" exceptions to the AIA and the AIA barred the injunctive relief sought in a state court probate proceeding); *Cano v. 245 C&C, LLC*, No. 19-21826-CIV, 2019 WL 11769097, at *3-5 (S.D. Fla. June 25, 2019) (Lenard, J.) (holding that no exception to the AIA applied to the plaintiff's ADA claims permitting her to seek an injunction of a state court eviction proceeding); *see also Grissom v. Baldwin Cnty.*, No. 25-cv-392-TFM-MU, 2025 WL 3713757, at *2 (S.D. Ala. Sept. 23, 2025) ("While the ADA is a federal statute, it does not specifically authorize the Court to enjoin state court proceedings in favor of a separately filed ADA case."). This Court agrees with these district courts' analyses and conclusions. Because Congress did not "expressly authorize" either the FHA or ADA to enjoin ongoing state court proceedings, the AIA prohibits the stay Plaintiff seeks.

Plaintiff's objection that Judge Strauss did not adequately consider the medical evidence she attached is without merit here. The specific legal issue central to the adjudication of the TRO, whether or not the AIA prohibits the injunction she seeks in the

first place, is not impacted by any quantum of evidence of disability that Plaintiff presents. The fact that Plaintiff suffers from disabilities and has multiple doctors supporting her request for a continuance of the state court trial has no bearing on whether or not the AIA prohibits this Court from granting the relief she seeks.

Because Plaintiff cannot show that any of her claims fall within an exception to the AIA's general prohibition against staying state court proceedings, her Motion for TRO predicated on those same claims must be denied. The Motion for TRO must be denied on this basis alone. This Court has also reviewed the remaining analyses in the Report in which Judge Strauss recommends denial of the Motion for TRO because Plaintiff does not show a substantial likelihood of success on the merits of her ADA claims and agrees with the analysis and conclusions therein, including his conclusion that Plaintiff has not shown a likelihood of success on the merits of her ADA claim.

### IV.   CONCLUSION

The undersigned has undertaken a *de novo* review of the Report and the record and agrees with Judge Strauss's well-reasoned findings, thorough analysis, and conclusion that the Anti-Injunction Act bars the injunction Plaintiff seeks here and, therefore, the Motion for TRO should be denied.

Accordingly, for the reasons set forth, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Judge Strauss's Report and Recommendation **[ECF No. 19]** is **AFFIRMED AND ADOPTED** and incorporated by reference herein for the purpose of appellate review. Plaintiff's Objections **[ECF No. 22]** are **OVERRULED**.

2. The Motion for TRO **[ECF No. 3]** is **DENIED**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 10th day of November, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:    U.S. Magistrate Judge Jared M. Strauss

       Counsel of record

       Valery Kantsepolsky, *Pro Se*
       2970 NE 16th Ave, Unit 416
       Oakland Park, FL 33334
       Email: kodiakisland7@gmail.com