**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-61725-DAMIAN/STRAUSS**

**VALERY KANTSEPOLSKY,**

      Plaintiff,

v.

**RIVER SHORES ASSOCIATION, INC.,**

      Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law [DE 18] (the "Motion"), which has been referred to me to take all necessary and proper action as required by law [DE 11]. I have carefully reviewed and considered the Motion. For the reasons discussed below, I respectfully **RECOMMEND** that the Motion [DE 18] be **GRANTED IN PART**.

## BACKGROUND

Plaintiff, Valery Kantsepolsky ("Plaintiff"), is the owner and resident of a condominium unit in a residential condominium building maintained and operated by Defendant, River Shores Association, Inc. ("Defendant"). [DE 1] ¶¶ 4-5. Plaintiff has certain medical conditions that "substantially limit her ability to tolerate environmental exposures, including chemicals, dust, mold, and VOCs, which can impair her breathing, work capacity, and ability to function in daily life." *Id.* ¶ 9. Plaintiff previously requested that any exploratory demolition by Defendant in her unit to investigate a problem with another unit three floors down, as well as any potential repairs, be done using the disability-related precautions requested by her two treating physicians. *Id.* ¶ 6. According to Plaintiff, Defendant denied the requested accommodations, which would have cost

around $3,000, and did not engage in any interactive process with her about the requests. *Id.* ¶¶ 7-8. Defendant responded to Plaintiff that it had an irrevocable right of access to her unit and filed a suit against Plaintiff in state court in Broward County. *Id.* ¶¶ 8, 11. That case has been ongoing for over two years. *See generally River Shores Ass'n, Inc. v. Kantsepolsky*, No. CACE23013970 (Fla. Cir. Ct. filed May 24, 2023) ("State Docket, No. CACE23013970").

In the state litigation, Defendant seeks injunctive relief regarding the right to access Plaintiff's unit. *Id.* Plaintiff filed a counterclaim in the state case on July 21, 2023, for various violations of the federal Fair Housing Act ("FHA") and the Florida Fair Housing Act ("Florida FHA"). *Id.* The alleged violations are based on Defendant's refusal to provide Plaintiff the accommodations she seeks as well as Defendant's threatening of a lawsuit (and other actions) in response to Plaintiff's requests. *Id.* A February 20, 2025 order in the state litigation set a trial period to commence in August 2025. *Id.* Plaintiff later moved for a ninety-day extension of certain pretrial deadlines on April 26, 2025. *Id.* A few days later, on April 29, 2025, Defendant filed a motion for summary judgment. *Id.* In July 2025, Plaintiff's then-counsel in the state case filed a motion to continue trial and extend the pretrial dates. *Id.* The state court denied Plaintiff's requested extensions on August 5, 2025. *Id.*; [DE 1] ¶ 12. Plaintiff then filed her *pro se* Complaint in this Court on August 27, 2025. *See generally* [DE 1]. Soon after, Plaintiff filed a declaration in state court on August 29, 2025, which conceded in the third numbered paragraph that "[t]he federal case involves the same parties and overlapping facts as this state court case." State Docket, No. CACE23013970. Later, on September 10, 2025, the state court reset the trial date for October 2025. *Id.* The state court then reset the trial date again—currently for February 2026—in a November 18, 2025 order. *Id.*

Meanwhile, Plaintiff's federal case is at the pleadings stage. Plaintiff's federal complaint alleges Defendant violated the FHA (like the state counterclaim) and the Americans with Disabilities Act ("ADA"). *See* [DE 1] ¶ 1. Plaintiff's Complaint asks for the Court to order Defendant to give the same accommodations that Plaintiff asks for in state court. *See id.* at 5. In fact, Plaintiff acknowledges that the pending state proceedings are related but alleges that they have not afforded Plaintiff the protections that federal law requires. *Id.* at 1. Although the ADA claim is unique to the federal litigation, it is based on the same operative facts. Defendant moved to dismiss the federal case on September 19, 2025. *See generally* [DE 18]. Plaintiff failed to file any response, despite be given ample opportunities to do so.[1] As described below, I recommend that the Court grant Defendant's Motion in part, dismiss the ADA claims, and stay the FHA claims.

## LEGAL STANDARD

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The mere

---

[1] I previously granted a motion that extended Plaintiff's response deadline by thirty-two days, which was in addition to the two weeks that she had (as a matter of course) to respond to Defendant's Motion and the ten days that Judge Damian gave her to show cause after failing to respond (or seek an extension) within the original fourteen days. [DE 25] at 1-2. Based on this failure, the Court could grant the Motion by default. *See* S.D. Fla. L.R. 7.1(c).

possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679)).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002)). Courts must accept the factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n*, 942 F.3d 1215, 1229 (11th Cir. 2019); *Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1236 (11th Cir. 2019). But "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citation omitted); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Where parallel proceedings in state court are at issue, as here, the Court may consider the state-court proceedings without converting a motion to dismiss into one for summary judgment. *See Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1076 n.9 (11th Cir. 2013) ("Although this matter is before the court on a motion to dismiss, we may take judicial notice of the court documents from the state eviction action."); *see also SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) ("In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir.2005))). Plaintiff has not challenged the authenticity of the documents entered on the state court's docket.

## ANALYSIS

### I.    THE *COLORADO RIVER* DOCTRINE FAVORS ABSTENTION

Defendant argues that "[t]his matter should be dismissed in favor of the prior State Court Case or at a minimum, the Court should abstain from hearing this case pending the resolution of that case." [DE 18] at 5. For support, Defendant relies on the abstention doctrine first articulated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). *Id.* at 5-7. While I agree that the Court should abstain pursuant to *Colorado River*, I recommend that the Court stay—not dismiss—the FHA claims, pursuant to binding Eleventh Circuit precedent.

"Abstention is a determination that the district court 'should abstain from exercising their jurisdiction.'" *Taveras v. Bank of Am., N.A.*, 89 F.4th 1279, 1285 (11th Cir. 2024) (quoting *Ambrosia Coal & Constr. Co. v. Morales*, 368 F.3d 1320, 1327 (11th Cir. 2004)). However, abstention is the exception rather than the rule. *Colo. River*, 424 U.S. at 813. "*Colorado River* abstention allows a federal court to stay a case only 'when federal and state proceedings involve substantially the same parties and substantially the same issues.'" *Taveras*, 89 F.4th at 1286 (quoting *Ambrosia Coal*, 368 F.3d at 1330). If the proceedings do involve substantially the same parties and issues, the district court must consider six factors to determine if abstention is appropriate:

> (1) whether one of the courts has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; (4) the order in which the fora obtained jurisdiction; (5) whether state or federal law will be applied; and (6) the adequacy of the state court to protect the parties' rights.

*Taveras*, 89 F.4th at 1286 (citing *Ambrosia Coal*, 368 F.3d at 1331). "Courts may also consider 'the vexatious or reactive nature of either the federal or the state litigation' as part of their abstention inquiry." *Id.* No factor is dispositive. *Id.* "One factor alone can be the sole motivating reason for the abstention." *Id.* (quoting *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d

994, 997 (11th Cir. 2004)).  If a district court concludes that abstention is appropriate, the Eleventh

Circuit has stated that "a stay, not a dismissal, is the proper procedural mechanism for a district

court to employ when deferring to a parallel state-court proceeding under the *Colorado River*

doctrine."  *Moorer*, 374 F.3d at 998 (citation omitted) (holding that district court erred by

dismissing rather than staying case under *Colorado River*); *Albors Gonzalez v. Fed. Nat'l Mortg.*

*Ass'n*, 803 F. App'x 226, 227 n.3 (11th Cir. 2020) (quoting *id.*).

### A.  The proceedings involve substantially similar issues and parties.

Substantial similarity does not require the parties, issues, and requests for relief to be

identical.  *Ambrosia Coal*, 368 F.3d at 1329-30.  However, the *Colorado River* doctrine cannot be

invoked based on "wholly unrelated" cases either.  *Id.* at 1330.  In *Taveras*, the Eleventh Circuit

determined that the parties in a state foreclosure action and parallel federal proceedings were

substantially similar because the two proceedings contained parties that were either the same,

successors in interest of each other, or otherwise sufficiently related.  *See id.* at 1286-87.  The

issues involved were also substantially similar because the claims in both proceedings depended

on determinations of whether a promissory note was valid and whether a lien existed on the subject

property.  *Id.* at 1286.  In other words, the issues in the federal case, which asked the federal court

to declare that the promissory note was unenforceable, were the same issues "at the heart" of the

state case.  *Id.*

I conclude that the parties here are substantially similar.  The active parties in the state

proceedings are the same as the parties in these federal proceedings.[2]  *See generally* State Docket,

No. CACE23013970.  The parties merely appear in reverse roles in the state litigation, as Plaintiff

---

[2] Although a search of the state court's docket reveals additional parties that may be tangentially
involved, such as "UNKNOWN TENANT 1" and "UNKOWN TENANT 2," it appears that these
parties were dropped from the case on August 5, 2024.  *See* State Docket, No. CACE23013970.

appears as the defendant and counter-plaintiff in state court. Plaintiff also essentially admits this point by stating in her August 29, 2025 state-court declaration that "[t]he federal case involves the same parties and overlapping facts as this state court case." *Id.*

The issues are likewise substantially similar. In both the state and federal proceedings, Plaintiff has sought two types of reasonable accommodations—precautionary measures for Defendant to use during any entrance of her unit for exploratory demolition and a ninety-day extension of the state court's pretrial deadlines. Moreover, Counts I and III of Plaintiff's state counterclaims are partly based on the same federal statute as Counts I and III in the federal Complaint, seeking nearly identical relief on the same general core of facts. Plaintiff's other counterclaims in state court were brought under the Florida FHA, seeking relief very similar to what Plaintiff asks for in this Court, and would be analyzed in a similar fashion as Plaintiff's FHA claims before this Court. *See, e.g.*, *Loren v. Sasser*, 309 F.3d 1296, 1300 n.9 (11th Cir. 2002) ("The Florida Fair Housing Act contains statutory provisions that are substantively identical to the federal Fair Housing Act, and the facts and circumstances that comprise the federal and state fair housing claims are the same."). At the same time, Defendant has continuously asserted in both federal and state court that it possesses a clear legal right to enter Plaintiff's unit under section 718.111(5)(a), Florida Statutes.

While all the issues in the proceedings are not identical, such as the ADA claim brought by Plaintiff only in federal court, the same core issues are "at the heart" of both—namely, the accommodations Plaintiff may be entitled to because of her disability and the possible conditions under which Defendant may enter her unit.[3] *Taveras*, 89 F.4th at 1286. Admittedly, the state

---

[3] Even if the ADA claim was not subject to the *Colorado River* doctrine, it is subject to dismissal for the reasons described later.

proceedings are broader because they encompass Defendant's action for injunctive relief, whereas the federal proceedings only deal with Plaintiff's claims stemming from her requests for reasonable accommodations.  Yet ruling on Plaintiff's claims in either case would necessarily involve the same facts and legal arguments, and a judgment for Plaintiff in either case would affect Defendant's right to access the unit.  Accordingly, the two proceedings are substantially similar. I will therefore consider the abstention factors under *Colorado River*.

  **B.  The *Colorado River* factors favor abstention.**

  The first factor—whether one of the courts has assumed jurisdiction over property— arguably weighs in favor of abstention, though not as obviously as Defendant asserts.  This factor "applies only where there is a proceeding in rem." *Jackson-Platts v. Gen. Elec. Cap. Corp.*, 727 F.3d 1127, 1141 (11th Cir. 2013); *Ambrosia Coal*, 368 F.3d at 1332 ("Because the relevant cases are not proceedings in rem, neither court has jurisdiction over property, and the first *Colorado River* factor does not favor abstention.").  In rem matters are generally those "[i]nvolving or determining the status of a thing, and therefore the rights of persons generally with respect to that thing." *In Rem*, *Black's Law Dictionary* (12th ed. 2024); *Hanson v. Denckla*, 357 U.S. 235, 246 n.12 (1958) ("A judgment in rem affects the interests of all persons in designated property. A judgment quasi in rem affects the interests of particular persons in designated property.").  By contrast, in personam matters are typically those "[i]nvolving or determining the personal rights and obligations of the parties." *In Personam*, *Black's Law Dictionary* (12th ed. 2024); *Hanson*, 357 U.S. at 246 n.12 ("A judgment in personam imposes a personal liability or obligation on one person in favor of another.").

  Defendant's scant discussion of this factor does not acknowledge that it only applies to in rem proceedings or analyze whether either the state or federal proceedings are in rem, other than

stating that the state case "is directly related to Defendant's request to inspect the Unit."  [DE 18] at 5.  Nevertheless, I conclude that the first factor arguably favors abstention.  While the federal proceedings are not in rem, the state proceedings arguably are.  Plaintiff's Complaint in federal court asks chiefly for the Court to order Defendant to provide Plaintiff with reasonable accommodations for her disability.  [DE 1] at 4-5.  Accordingly, a judgment in favor of Plaintiff would impose the obligation on Defendant of providing such accommodations, making the action in personam.  *See Hanson*, 357 U.S. at 246 n.12.  However, in addition to Plaintiff's similar counterclaims in state court, Defendant's state-court claim is seeking to determine Defendant's rights of access to the unit and obtain equitable relief (an injunction) to provide it access to Plaintiff's real property.  Therefore, if any court has "assumed jurisdiction over property," *Taveras*, 89 F.4th at 1286, it would be the state court and not this Court.  Therefore, this first factor arguably weighs in favor of abstention (and is otherwise at least neutral).  And, importantly, Plaintiff's failure to respond means she has conceded the point.  *See, e.g.*, *Genterra Grp., LLC v. Sanitas USA, Inc.*, No. 20-22402-CIV, 2021 WL 148887, at *7 (S.D. Fla. Jan. 15, 2021) ("Failing to respond to an argument in a motion to dismiss is equal to conceding that argument.").

The second factor—the inconvenience of the federal forum—is neutral here.  This factor "should focus primarily on the physical proximity of the federal forum to the evidence and witnesses . . . ."  *Ambrosia Coal*, 368 F.3d at 1332 (citing *Am. Bankers Ins. Co. of Fla. v. First State Ins. Co.*, 891 F.2d 882, 885 (11th Cir. 1990)).  Both the state court and this Court are in Broward County, as are the parties and likely most of the witnesses.  So, any difference in convenience is nominal at best.  Consequently, this factor is neutral regarding abstention.  *Cf. Taveras*, 89 F.4th at 1288 ("[T]he second *Colorado River* factor—the convenience of the federal

forum—does not weigh for or against abstention because the federal and state courts are both located in Central Florida and are therefore equally convenient to the evidence and witnesses.").

The third factor—the potential for piecemeal litigation—favors abstention. This factor "does not favor abstention unless the circumstances enveloping those cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious." *Ambrosia Coal*, 368 F.3d at 1333. "Run of the mill piecemeal litigation will not do . . . ." *Jackson-Platts*, 727 F.3d at 1142; *see, e.g.*, *Ambrosia Coal*, 368 F.3d at 1333 ("Although the dual proceedings in this instance will likely result in some unremarkable repetition of efforts and possibly some piece-by-piece decision-making, there is no indication that piecemeal litigation poses any greater waste or danger here than it does in the vast majority [of] federal cases with concurrent state counterparts."). Otherwise, "the third *Colorado River* factor would seemingly support abstention in every federal case that has a parallel state case." *Ambrosia Coal*, 368 F.3d at 1333.

*Taveras* is instructive. *See* 89 F.4th at 1287. There, the Eleventh Circuit held that a district court did not abuse its discretion by weighing this factor in favor of abstention because, even though the state and federal cases were not identical, inconsistent rulings regarding the validity of the promissory note and the lien on the property in the state foreclosure action and the federal proceedings could "create turmoil." *Id.* Moreover, if the state court held that the promissory note was valid and that the property was subject to foreclosure, the plaintiffs in the federal proceedings would have no basis to pursue the remaining claims in either forum. *Id.* The state court thus had the potential to resolve all claims, and the parallel proceedings were not "inevitably piecemeal." *Id.*

The same analysis applies here. For starters, this case and the state case are not just similar or partially overlapping on some issues. Rather, Defendant is right when it argues that "the issues

raised in this action are clearly duplicative of the issues currently pending in the State Court Case and would result in two separate courts ruling on the same issues and relief." [DE 18] at 6. Again, Plaintiff's two state counterclaims involving the FHA are essentially mirror images of the FHA claims brought here, and the Florida FHA counterclaims would be analyzed similarly. So for the state court to rule on the motion for summary judgment pending before it (filed on April 29, 2025), it necessarily would be addressing the nearly identical claims at issue in this Court. The concern here is thus not about the "unremarkable repetition of efforts and possibly some piece-by-piece decision-making," as described in *Ambrosia Coal*. 368 F.3d at 1333. Instead, the risk is diametrically inconsistent rulings from two courts on identical issues. Like in *Taveras*, where a state court's ruling that the promissory note was valid and that the property was subject to foreclosure would have left the plaintiffs in the federal proceedings with no basis to pursue their claims in either court, a determination by the state court here that Defendant may enter Plaintiff's unit and need not provide any accommodations to Plaintiff could potentially create dueling injunctions. *See* 89 F.4th at 1287. This result would "create turmoil" and be abnormally deleterious. *Id.* Further, the state court likewise has the ability to resolve all the claims. *See id.* Indeed, Plaintiff herself has put the same claims she brings here before the state court. Consequently, this factor weighs in favor of abstention.

The fourth factor—the order in which the fora obtained jurisdiction—weighs *heavily* in favor of abstention. "[T]his factor 'should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.'" *Ambrosia Coal*, 368 F.3d at 1333 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983)). Regardless of whether this Court looks at actual progress or the dates of filing, this factor favors abstention. The federal case was filed less than four months ago and is only at the

pleadings stage.  By contrast, the state case has been pending for more than *two years* and is at the summary judgment stage.  Additionally, the state court's November 18, 2025 order reset the trial period for February 2026, which is only around two months away.  Calendar call will be in mid-January 2025, which is just over one month away.

The fifth factor—whether state or federal law will be applied—"supports abstention in cases involving complex questions of state law that are best left to state courts, and this factor weighs slightly in favor of abstention when a case involves only state law claims."  *Taveras*, 89 F.4th at 1288.  This factor may arguably weigh against abstention in this case given that Plaintiff brings federal claims in this Court.  Yet, minus the ADA claim, Plaintiff chose to bring the same claims in state court, along with parallel claims under state law.  Meanwhile, Defendant's claim in state court centers on Florida statutory law.  The Eleventh Circuit has stated that "in instances where a case includes both state and federal claims and both courts are capable of adjudicating both types of claims, this factor does not weigh for or against abstention."  *Id.*  Therefore, this factor is ultimately neutral.

The sixth factor—the adequacy of the state court to protect the parties' rights—"will only weigh in favor or against abstention when one of the fora is inadequate to protect a party's rights."  *Ambrosia Coal*, 368 F.3d at 1334 (citing *Noonan S., Inc. v. Volusia County*, 841 F.2d 380, 383 (11th Cir. 1988)).  "The fact that both forums are adequate to protect the parties' rights merely renders this factor neutral on the question of whether the federal action should be dismissed."  *Noonan*, 841 F.2d at 383.  Nothing indicates that either forum is inadequate, meaning this factor is neutral.

Additionally, I conclude that the "reactive nature" of the federal litigation weighs very heavily in favor of abstention.  *Taveras*, 89 F.4th at 1288.  Plaintiff asks this Court for the relief

that she initially chose to seek in the state court when she filed her counterclaim nearly two-and-a-half years ago.  She appears to have only sought relief from this Court out of fear she will not be able to get it in state court as that case approaches resolution.  This additional factor also weighs heavily in favor of abstention.

Weighing the factors together, abstention is appropriate.  Although some factors are neutral or nominally lean one direction, three factors weigh strongly in favor of abstention—the risk of piecemeal litigation, the order in which the fora obtained jurisdiction, and the reactive nature of Plaintiff's suit in federal court.  Moreover, another factor (whether one of the courts has assumed jurisdiction over property) arguably also weighs in favor of abstention.  Taking into account that one factor can be enough for abstention, *Taveras*, 89 F.4th at 1286, as well as the reality that Plaintiff failed to respond to the Motion and initially chose to bring her counterclaim in state court long before filing her federal claim, the Court should abstain in this case.  *See Moses H. Cone*, 460 U.S. at 21 (noting how the *Colorado River* factors are "to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand").  However, rather than dismiss the case, as Defendant's Motion primarily seeks, Eleventh Circuit precedent instructs the Court to stay the case pending the resolution of the parallel state proceedings, at least as it relates to the FHA claims.[4]  *See Moorer*, 374 F.3d at 998; *Albors Gonzalez*, 803 F. App'x at 227 n.3 (11th Cir. 2020).

## II.     THE FHA CLAIMS SHOULD NOT BE DISMISSED ON OTHER GROUNDS

Although Plaintiff's failure to respond to the Motion may be sufficient cause to grant the Motion by default, the other grounds Defendant relies on in the Motion do not warrant dismissal of the FHA claims.  Defendant argues that there is "no evidence" that it denied Plaintiff an accommodation and that "Plaintiff cannot show or prove that Defendant failed to leave the Unit in

---

[4] As described below, the ADA claim should be dismissed.

the same condition as it was found after it performed an inspection because Defendant has not yet performed an inspection." [DE 18] at 7-8. But regardless of any supposed evidence, the Court must still take Plaintiff's allegations as true when assessing a motion to dismiss. *See Tims*, 935 F.3d at 1236. Moreover, the Court must liberally construe the pleading because Plaintiff is proceeding *pro se*. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

Taking Plaintiff's allegations as true and liberally construing Plaintiff's Complaint, I conclude that the FHA claims should not be dismissed on the grounds Defendant raises. In the federal Complaint, Plaintiff alleges that Defendant had denied her requests for disability-related accommodations and refused to engage in an interactive process. [DE 1] ¶¶ 7-8. Plaintiff further alleges that Defendant's only response was that "it had irrevocable access to the unit and threaten[ed] to enter without Plaintiff's consent, and then proceeded to file a retaliatory lawsuit against Plaintiff." *Id.* ¶ 8. When these allegations are coupled with the other allegations detailing Plaintiff's disability and why she asks for the accommodations, *see id.* ¶¶ 6-9, Plaintiff's Complaint pleads sufficient factual content. *See Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1225 (11th Cir. 2016) ("To assert a failure to reasonably accommodate claim under section 3604(f)(3), a plaintiff must plead four elements: (1) the plaintiff is a person with a disability within the meaning of the FHA or a person associated with that individual; (2) the plaintiff requested a reasonable accommodation for the disability; (3) the requested accommodation was necessary to afford the plaintiff an opportunity to use and enjoy the dwelling; and (4) the defendant refused to make the accommodation.").

Although Defendant's argument seems to rely on the idea that Plaintiff "has no cause of action" because "Defendant has not yet performed an inspection," Defendant cites no authority

14

that states such a proposition.  [DE 18] at 8.  It is unclear why Defendant insists that the requested accommodations would only come into play after (and not during or because of) Defendant's entry and inspection of the unit.  The Motion also lacks any real analysis as to why none of Plaintiff's allegations fit any of the types of discrimination described by Defendant in its Motion.  *See id.*  So even though Plaintiff has failed to respond to the Motion, Defendant still has not carried its burden of showing that dismissal on these non-*Colorado River* grounds would be warranted.  The Court should not dismiss these claims but rather abstain until the resolution of the parallel state proceedings.

### III.    THE ADA CLAIM SHOULD BE DISMISSED

Plaintiff's ADA claim should be dismissed.  As described in my prior report and recommendation regarding Plaintiff's motion for a preliminary injunction, Title III of the ADA is the only subchapter that could apply to Plaintiff's claim.  *See A.L. by & through D.L. v. Walt Disney Parks & Resorts US, Inc.*, 900 F.3d 1270, 1289 (11th Cir. 2018) (describing Title I as applying to private employers, Title II as applying to governmental entities, and Title III as applying to places of public accommodation).  This portion of the ADA applies only to places of public accommodation, "which is a private entity that offers commercial services to the public." *Id.* (citations omitted).  However, "residential facilities such as apartments and condominiums are not transient lodging and, therefore, not subject to ADA compliance."  *Regents of Mercersburg Coll. v. Republic Franklin Ins. Co.*, 458 F.3d 159, 165 n.8 (3d Cir. 2006); *see Goodison v. Loyalty Prop. Mgmt. Servs., Inc.*, No. 22-CV-23651, 2023 WL 5278663, at *2 (S.D. Fla. July 28, 2023); *report and recommendation adopted*, 2023 WL 5275573 (S.D. Fla. Aug. 16, 2023); *Phillipeaux v. Mia. Apartments Invs.*, LLC, No. 23-CV-21275, 2023 WL 4124875, at *2 (S.D. Fla. June 22, 2023).  Moreover, Plaintiff has not alleged that Defendant offers commercial services to the public.

The ADA claim thus fails and is subject to dismissal.  As a result, although the Court should stay the case as to the FHA claims in Counts I and III, the ADA claim in Count II should be dismissed. Again, this conclusion is reinforced by the fact that Plaintiff failed to file a response to Defendant's Motion.  *See Genterra*, 2021 WL 148887, at *7.

**CONCLUSION**

For the foregoing reasons, I respectfully **RECOMMEND** that the Motion [DE 18] be **GRANTED IN PART,** that the ADA claim in Count II be **DISMISSED**, and that this action otherwise be **STAYED** pending the resolution of the FHA-related claims in the parallel state proceedings.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Melissa Damian, United States District Judge.  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida, this 12th day of December 2025.

Jared M. Strauss
United States Magistrate Judge