UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-61725-CIV-DAMIAN/Strauss

**VALERY KANTSEPOLSKY**,

      Plaintiff,
v.

**RIVER SHORES ASSOCIATION, INC.**,

      Defendant.
_____/

### ORDER AFFIRMING AND ADOPTING
### REPORT AND RECOMMENDATION [ECF NO. 28]

**THIS CAUSE** is before the Court on Magistrate Judge Jared M. Strauss's Report and Recommendation ("Report") [ECF No. 28], entered on December 12, 2025, recommending that Defendant, River Shores Association, Inc.'s ("Defendant"), Motion to Dismiss Plaintiff's Complaint ("Motion") [ECF No. 18] be granted in part.

THE COURT has considered the Motion,[1] the Report, the pertinent portions of the record, and relevant authorities and is otherwise fully advised.

### I.   BACKGROUND

On August 27, 2025, Plaintiff, appearing *pro se*, filed a Complaint against the Defendant alleging claims under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*,

---

[1] Plaintiff did not file any response to Defendant's Motion, despite requesting and being granted an approximately forty-two-day extension from her initial fourteen-day deadline to respond. *See* S.D. Fla. L.R. 7.1(c)(1) ("[E]ach party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default."). Plaintiff also did not file any objections to Judge Strauss's Report.

and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 *et seq. See generally* ECF No. 1 ("Complaint"). Plaintiff alleges that she owns and resides in a condominium unit that is governed by the Defendant condominium association. *Id.* ¶¶ 4-5. Plaintiff also alleges that she suffers from medical conditions that limit her ability to tolerate the environment created by demolition, which may spread chemicals, dust, and mold and present other breathing hazards. *Id.* ¶ 9. She alleges that Defendant refused to provide reasonable accommodations for Plaintiff's health conditions when it tried to conduct exploratory demolition to resolve maintenance issues affecting other units. *See id.* ¶¶ 6-8. The Defendant filed suit against her in state court to enforce its right of entry into her unit and otherwise resolve the parties' dispute related to the exploratory demolition. *See id.* ¶ 11.

In that underlying state court action (*River Shores Association, Inc. v. Kantsepolsky*, No. CACE23-013970 (Fla. 17th Jud. Cir. Ct.) ("State Court Action")), Plaintiff raised as a counterclaim an FHA violation, similar to that which is presented in this action, and Plaintiff moved for a ninety-day continuance of all pretrial and trial deadlines as a result of her disability, which Defendant opposed. *Id.* ¶ 11. The trial court denied her motion for continuance on August 5, 2025. *Id.* ¶ 12. On August 15, 2025, Plaintiff moved for reconsideration, which, to the best of this Court's knowledge, is currently pending before the state court. *Id.* ¶¶ 13-14. In the case before this Court, Plaintiff appears to seek declaratory relief, injunctive relief, and monetary damages from the Defendant. *See generally id*. The case was assigned to Magistrate Judge Jared M. Strauss pursuant to Administrative Order 2025-11. *See* ECF No. 2.

The same day Plaintiff filed her case, she filed an Emergency Motion for Temporary Restraining Order, Reasonable Accommodation, and Preliminary Injunction ("Motion for TRO") [ECF No. 3], which seeks an order from this Court enjoining the Defendant from "opposing or interfering with Plaintiff's request for a reasonable accommodation in the form of a 90-day extension of pretrial and trial deadlines in the pending state-court action," directing the Defendant to only engage in exploratory demolition and repairs in Plaintiff's unit subject to her medical conditions, and requiring the Defendant to engage in an interactive process regarding Plaintiff's accommodation requests. *See* Mot. for TRO at 4.

Because Judge Strauss could not directly enter an order on the Motion for TRO, *see* 28 U.S.C. § 636(b)(1)(A), the case was randomly reassigned to the undersigned. [ECF No. 9]. This Court promptly entered an order concluding that the Motion for TRO was not a true emergency, directing Plaintiff to serve the motion on the Defendant, re-styling the Motion for TRO as one for a preliminary injunction, and referring the matter to Judge Strauss for him to, *inter alia*, issue a report and recommendation on the Motion for TRO. *See* ECF No. 11 at 6.

Following briefing on the Motion for TRO, Judge Strauss issued a Report and Recommendation in which Judge Strauss recommended denial of the Motion for TRO because the sought-after injunction was barred by the Anti Injunction Act, 28 U.S.C. § 2283, and because the ADA did not provide a statutory basis for the sought-after injunction. *See generally* ECF No. 19. Plaintiff objected to Judge Strauss's Report and Recommendation [ECF No. 22], and Defendant responded to Plaintiff's Objections [ECF No. 26]. On

November 10, 2025, this Court affirmed and adopted the Report and Recommendation, overruling Plaintiff's Objections and denying the Motion for TRO. [ECF No. 27].

A few days before Judge Strauss issued the Report and Recommendation on the Motion for TRO, Defendant filed the Motion currently before the Court. Plaintiff never responded to the Motion, even after receiving a ten-day extension *sua sponte* from this Court [ECF No. 21] and another thirty-two-day extension from Judge Strauss [ECF No. 25].

In the Report, Judge Strauss recommends that Plaintiff's FHA claims be stayed pending resolution of the State Court Action based on the abstention doctrine articulated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) ("*Colorado River* abstention"). Judge Strauss applied seven factors, found that at least three factors weighed strongly in favor of abstention and another factor arguably also weighed in favor of abstention. *See* Rpt. 12-13. Judge Strauss observed that one factor alone can be sufficient to warrant abstention and concluded that abstention was appropriate to prevent piecemeal litigation. Judge Strauss further concluded that Plaintiff had sufficiently alleged an FHA violation in her Complaint to stave off dismissal on Rule 12(b)(6) grounds for failure to state a claim. *Id.* at 14-15. Finally, Judge Strauss concluded that the ADA claim should be dismissed for failure to state a claim because the section of the ADA Plaintiff relies upon, Title III, only applies to "a private entity that offers commercial services to the public," and Plaintiff did not allege that Defendant offers commercial services to the public. *Id.* at 15-16 (quoting *A.L. by and through D.L. v. Walt Disney Parks & Resorts US, Inc.*, 900 F.3d 1270, 1289 (11th Cir. 2018)).

4

The parties had fourteen days to file any objections to the Report, which passed on December 26, 2025. Neither party filed any objections. The Report is now ripe for adjudication by this Court.

## II.   DISCUSSION

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

The undersigned has reviewed the Report, the Motion, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In light of that review, the undersigned agrees with the thorough analysis and well-reasoned recommendations stated in Judge Strauss's Report and agrees with Judge Strauss's conclusions.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Judge Strauss's Report and Recommendation **[ECF No. 28]** is **AFFIRMED AND ADOPTED** and incorporated by reference herein for the purpose of appellate review.

2. The Motion to Dismiss **[ECF No. 18]** is **GRANTED IN PART**. All ADA claims (Count II and part of Count III of the Complaint [ECF No. 1]) are **DISMISSED WITHOUT PREJUDICE.** Plaintiff may file an amended complaint by **January 23, 2026**. If Plaintiff does not file an amended complaint by this deadline, only Count I (Failure to Provide Reasonable Accommodation under the FHA) and part of Count III (Retaliation under the FHA) will remain. If Plaintiff files an amended complaint, Defendant's deadline to respond is **STAYED** pending further order of this Court.

3. This case is **STAYED** based on the *Colorado River* abstention doctrine. The parties shall file a status report **every thirty (30) days** apprising this Court as to the status of the State Court Action. The first status report is due by **February 2, 2026**.

4. The Clerk shall **CLOSE** this case for administrative and statistical purposes only. Either party may move to reopen the case upon termination of the State Court Action.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 30th day of December, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:    U.S. Magistrate Judge Jared M. Strauss

Counsel of record

Valery Kantsepolsky, **Pro Se**
2970 NE 16th Ave, Unit 416
Oakland Park, FL 33334
Email: kodiakisland7@gmail.com